Helmut KOCHLER, et al., Plaintiffs,

v.

Arvo MUSTONEN, et al., Defendants,

and

Harry V. Manbeck, Jr., Commissioner of Patents Trademarks, Intervenor.

Civ. A. No. 90–1074–LFO.

United States District Court, District of Columbia.

April 23, 1991.

Andrew W. Taylor, Alan K. Roberts, Clifford J. Mass, for plaintiffs.

Jameson Lee, for intervenor.

Arthur I. Neustadt, Charles L. Gholz (Michael L. Dunn and Robert P. Simpson, of counsel), for defendants.

MEMORANDUM

OBERDORFER, District Judge.

## I.

Plaintiffs Helmut and Erika Kochler seek relief from a decision in defendant

Arvo Mustonen's favor by the Board of Patent Appeals and Interferences. Helmut Kochler, a resident of Switzerland, claims that he invented a "Method of Synchronizing a Plurality of Timed Transceivers." On April 16, 1986, Kochler applied for a patent for this invention. On April 10, 1986, Mustonen, a resident of Finland, applied for a patent for a substantially similar invention entitled "Synchronization Method for Radio Transmitters in a Local, E.G. Nationwide Paging Network." On September 7, 1988, after determining that the two applications described the same invention, the Patent and Trademark Office (PTO) declared a patent "Interference" to determine which of the two parties is the first inventor of the invention. Pursuant to regulations establishing procedures for adjudicating interferences, 37 C.F.R. § 1.601 *et seq.*, the interference was assigned to and administered by an Examiner–in–Chief, who is a member of the Board of Patent Appeals and Interferences ("Board"). 37 C.F.R. § 1.610(a).

To succeed on his claim that he was the first inventor, Kochler was required to show that Mustonen "derived" the invention. More specifically, proof of derivation required Kochler to show (1) that he "conceived" the invention, and (2) that he communicated the invention to Mustonen. In early February, 1989, each party filed a preliminary statement with the Board. *See* Commissioner's Exhibit 1 at 6 & 11. On February 8, along with his preliminary statement, Mustonen filed a "motion for judgment" (similar to a summary judgment motion). *Id.* at 14. On March 23, 1989, Kochler submitted an opposition to that motion. *Id.* at 19. Derivation claims normally turn on factual issues and thus are rarely decided on preliminary motions. Testimony in a patent interference claim is introduced by deposition or affidavit. 37 C.F.R. § 1.672. If an opposing party requests cross-examination, a witness must be deposed. § 1.672(b). On October 13, 1989, the Examiner denied the preliminary motion and set a period for taking discovery and testimony. Commissioner's Exhibit 1 at 24. The administrative record contains no evidence and none was produc-

ed that either party had any input into the scheduling of the discovery and testimony deadlines. *See id.* The Examiner set plaintiffs' discovery cutoff date for November 6 and testimony cutoff date for December 6, 1989, less than two months away. On October 31, 1989, Kochler moved for a 30–day extension of the discovery and testimony periods, explaining that the parties were conducting settlement negotiations that could not have been conducted prior to the Commissioner's decision on the pretrial motion, requiring more time than permitted by the schedule. Commissioner's Exhibit 1 at 27. Mustonen opposed the motion. *Id.* at 29. On November 22, the Board denied the motion for extension on the technicality that Kochler had failed to certify in the motion that he had contacted Mustonen and whether Mustonen would oppose the motion, as required by 37 C.F.R. § 1.637(b). *Id.* at 33.

On December 6, the last day for taking testimony, Kochler filed three pleadings. First, he designated a new lead attorney. *Id.* at 34. Second, he renewed his motion for extension of time (including the certification previously omitted), explaining that, though settlement negotiations were no longer ongoing, the new attorney, who began working with the firm representing Kochler on November 1, 1989, needed more time to get up to speed on the case. *Id.* at 37. Third, Kochler filed a motion for leave to take testimony abroad or in the alternative for an extension of the time to take discovery. *Id.* at 39. That motion, as required by 37 C.F.R. § 1.684, identified six witnesses from whom testimony was sought and described the substance of their testimony. Kochler noted that all of the six witnesses resided in Switzerland and that it would be difficult for them to travel here for testimony. Kochler further noted in that motion that one witness was very busy and had been difficult to contact and that another witness did not want to leave his pregnant wife and two children.

The Patent and Trademark Office has promulgated specific regulations providing for discovery abroad and for extensions of time. *See* 37 C.F.R. § 1.684 ("Rule 684")

(discovery abroad); 37 C.F.R. § 1.645 ("Rule 645") (extensions of time). Neither rule refers to the other. Rule 684 provides that a party may move to take discovery abroad "prior to the close of the party's appropriate testimony period." Rule 645 provides that a motion for extension "will be denied unless the moving party shows good cause why an extension should be granted."

The Examiner's decision, issued on December 21, 1989, stated:

To the extent that the [motion for extension] is a renewed motion it is denied. Kochler's belief that a decision to seek settlement could not reasonably have been taken prior to the Decision on Preliminary Motions of October 13, 1989 is totally inadequate to support the motion. Kochler's belief is of no import here. A showing of *facts*, accounting for the entire testimony period given Kochler and establishing that Kochler could not have taken his testimony in the period provided, has not been made with the renewed motion. The press of other business, client imposed delay and the fact that an attorney has a foreign client are not accepted as reasons for delay.

To the extent that Kochler's paper is a new motion, it is denied. 37 C.F.R. 1.645(a). That associate powers of attorney were granted November 29, 1989 is not a satisfactory showing of facts in accord with the requirements set forth in the preceding paragraph. At best, the grant of associate powers involves client imposed delay in the taking of testimony.

The motion to take testimony abroad is denied. Whereas the motion was filed on the last day of Kochler's testimony period, he has no remaining time within which to take his testimony. Kochler has not submitted facts in excuse of his failure to present his motion earlier so as to leave himself time within which to take the testimony abroad. A party who waits to the end of a period set for *completion* of certain action to merely *begin* such action does so at his own peril. It is expected by the Commissioner that interferences be completed within a two year period and practice such as

being engaged in by Kochler will not be allowed to frustrate such expectation.

Commissioner's Exhibit 1 at 54 (emphasis in original).

After denying Kochler's motions, the Board, pursuant to regulations, ordered Kochler to show cause why judgment should not be issued against him. Kochler petitioned the Commissioner for review of the Examiner's decision and moved to vacate the order to show cause and to set a testimony period, arguing that his interpretation of Rules 648 and 645 were reasonable. Kochler's new attorney stated in an affidavit that he began reviewing the case on November 15, that contacting the witnesses and preparing the motion to take testimony abroad took some time, and that he acted in good faith throughout. The Board nonetheless issued judgment for Mustonen. The Board's decision was upheld on appeal by the Commissioner and that decision was upheld on reconsideration. *See id.* at 131, Status Report (filed August 22, 1990).

## II.

In this complaint, Kochler contends that the Examiner abused his discretion by denying his motion to take testimony abroad without consideration of its merits. He requests relief in the form of an order determining (1) that he, not Mustonen, is the first inventor of the invention; (2) that Mustonen is not entitled to the patent for the invention; and (3) directing the Commissioner to issue a finding in his favor. In the alternative, he requests an order vacating the Board's decisions and remanding the case to the Board for determination of the case on its merits. On April 10, 1991, to clarify the relief he seeks, Kochler submitted to the Court a proposed "Order Granting Remand." There he requests that trial be stayed and jurisdiction restored to the Board "for the purpose of according Kochler a full and fair hearing on the merits of the Interference including leave to take testimony abroad on the merits of the Interference." He also requests that he "not be prejudiced by the failure of the Commissioner to provide a period with-

in which to take testimony abroad nor in any manner by reason of having availed himself of the full period for filing his motion for leave to take testimony abroad ..." Plaintiffs and Harry F. Manbeck, the Commissioner of Patents and Trademarks, who is an intervenor in this action, each move for summary judgment. Neither party raises material disputes of fact.

 This Court has jurisdiction over this claim pursuant to 35 U.S.C. § 146, which provides that a party who has exhausted administrative remedies before the Board may file a civil action in federal district court. The Court's jurisdiction permits trial of a patent interference claim de novo, including the production of testimony and cross-examination not produced before the Board. However, testimony produced before the Board may be admitted to the court as though it had been originally produced before the court. *Id.* Nonetheless, the scope of the federal court's review is limited to the Board's decision. *See, e.g., Montecatini Edison, S.P.A. v. Ziegler,* 486 F.2d 1279, 1282–83 (D.C.Cir.1973); *Standard Oil Co. v. Montedison, S.P.A.,* 540 F.2d 611, 616 (3d Cir.1976). The Board denied Kochler's motion to take testimony abroad and his motion for extension of time. Thus, despite Kochler's requests for relief, this Court lacks jurisdiction over any claim for relief on the merits of the underlying interference claim. The only question before the Court is whether the Board abused its discretion in denying Kochler's motions.

 Kochler argues here, as he argued to the Examiner and the Commissioner, that, since the motion for leave to take testimony abroad was submitted on the last date of the testimony period, it was filed "prior to the close of the party's appropriate testimony period" and was thus timely under the express terms of Rule 648. Therefore, he argues, the Board abused its discretion by refusing to consider the motion on the merits. Kochler contends that the provision permitting submission of the motion for leave to take testimony abroad prior to the close of the testimony period, if meritorious, inherently requires the Board to consider an extension. Thus, he believes that Rule 648's provision permitting submission at any time during the testimony period should provide good cause for an extension.

The Commissioner argues to the contrary. First, the Commissioner argues that Rule 648 cannot be considered in isolation and must be considered in light of all of the provisions regulating the taking of testimony and Rule 645 regarding extensions of time. However, the Commissioner also argues that whether an extension is warranted in this case can be determined by consideration of Rule 645 alone, without any consideration of Rule 648. *See* Commissioner's Memorandum in Support of Motion for Summary Judgment (filed September 28, 1990) at 5–6. These interpretations lack consistency. Moreover, they overemphasize Rule 645 and its applicability to these circumstances relative to Rule 648 and its relevance here. In light of Rule 648's express provision that a motion to take testimony abroad may be submitted before the close of the testimony period (with which plaintiffs complied) and the fact that neither Rule 645 nor any other rule expressly or implicitly contains any provision that could reasonably be interpreted by plaintiffs to suggest that a motion for extension would not be considered in conjunction with a meritorious motion to take testimony abroad filed late in the testimony period, the Board's decision was arbitrary and capricious and an abuse of discretion.

 The Commissioner, whose interpretation of the regulations is entitled to deference, *see, e.g., Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616, *reh. denied,* 380 U.S. 989, 85 S.Ct. 1325, 14 L.Ed.2d 283 (1965), is nevertheless also responsible for promulgating the regulations at issue and capable of obtaining any revision that would resolve any ambiguity or inconsistency between them, raising additional concerns about the Board's penalization of plaintiffs for a reasonable, if not correct, interpretation of any ambiguity. The Board's decision is especially troubling here, where plaintiffs had no input whatsoever on Examiner's

scheduling of the testimony period, where the Board denied plaintiffs' first motion for extension on a technicality, where plaintiffs' law firm reassigned their case to an attorney new to the firm three weeks before the testimony cutoff date,[1] and where the Examiner, after holding defendant's motion for judgment under advisement for six months before issuing a decision, denied plaintiffs' motions for extension of a two month period for both discovery and testimony of witnesses in Europe in part because "[i]t is expected by the Commissioner that interferences be completed within a two year period and practices such as being engaged in by Kochler will not be allowed to frustrate such expectation." More importantly, however, the Board's decision was unfair and erroneous because plaintiffs complied with the express provisions of Rule 648 and did not fail to comply with any other express provisions.

Accordingly, an accompanying Order remands this case to the Board of Patent Appeals and Interferences for redetermination of plaintiffs' motion to take testimony abroad on the merits of that motion and for redetermination of plaintiffs' motion for extension of time. Although the Board did not explicitly reach the question of whether, if the motion to take testimony abroad is meritorious, good cause exists for granting an extension of time sufficiently lengthy to permit the taking of such testimony abroad, the opposite result is implicitly suggested by the Board's denial of plaintiffs' motions. Therefore, it is appropriate here to take the liberty of expressing the opinion that good cause for an extension would exist if plaintiff's motion to take testimony abroad has merit.

---

1. Plaintiffs submitted affidavits from Alan Roberts, their U.S. counsel, Beat Schachenmann, plaintiffs' patent agent in Switzerland and their representative in their dealings with U.S. counsel, and Helmut Kochler, each stating that plaintiffs did not participate in their firm's decision to reassign the case to Roberts in late November, 1989. The Commissioner moves to strike this evidence, arguing that this Court may not review any evidence not considered by the Board. However, 35 U.S.C. § 146 provides for "the rights of the parties to take further testimony." In any event, the Board's opinion that "at best, the grant of associate powers [of attorney] involves client imposed delay ..." was erroneous.